UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**THADDEUS M. LIETZ,**
          **Petitioner,**

**v.**                                                         **Case No. 14-cv-0944**

**RANDY HEPP, Warden,**
**Fox Lake Correctional Institution,**
          **Respondent.**
_____

## DECISION AND ORDER

Thaddeus Lietz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that the prosecutor in his criminal case intimidated him into waiving his preliminary hearing and entering a plea, violating his constitutional rights, and that other people, including the judge, were aware of the intimidation and did nothing to remedy it, also violating his constitutional rights.[1] Respondent argues that petitioner has procedurally defaulted these claims. I now address respondent's procedural default argument as well as several motions by petitioner.

Petitioner challenges three convictions, all of which were consolidated in the state court proceedings. In January 2011, petitioner pled no contest to two counts of criminal trespass to a dwelling, one count of theft, and two counts of felony bail jumping. Petitioner was sentenced to two years confinement and two years of extended supervision for the bail jumping charge and to probation for the other charges. Petitioner filed a post-conviction motion and raised the issue of prosecutorial intimidation as well as other issues. The trial court denied the post-conviction motion, and petitioner appealed his judgment of conviction

---

[1] I will collectively refer to these as petitioner's prosecutorial intimidation claims.

and the order denying the post-conviction motion to the Wisconsin Court of Appeals. In his appeal, petitioner challenged the trial court's denial of his motion to withdraw his pleas but did not raise the issue of prosecutorial intimidation. The Wisconsin Court of Appeals affirmed the trial court in February 2013. Resp. Ex. D (ECF No.16-6). Petitioner then filed a motion for reconsideration with the court of appeals and attempted to raise the issue of prosecutorial intimidation, but this motion was denied in March 2013 as untimely. Resp't's Br. in Opp'n Ex. A (ECF No. 18-1). Petitioner then petitioned the Wisconsin Supreme Court for review of the court of appeals decision, raising the prosecutorial intimidation issue again. The Wisconsin Supreme Court denied review. Resp. Ex. H (ECF No. 16-10).

Respondent argues that I must deny the habeas petition because petitioner did not exhaust his prosecutorial intimidation claims and therefore has procedurally defaulted them. To exhaust a federal claim, a petitioner must "fairly present" it to all levels of the state judiciary. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). To satisfy this requirement, petitioner must present both the operative facts and the legal principles that control the claim to each state court. *Bolton v. Akpore*, 730 F.3d 685, 694–95 (7th Cir. 2013). If petitioner does not fairly present his federal claim to all levels of the state judiciary, he is said to have procedurally defaulted the claim, which means I cannot consider it on federal habeas review. *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014).

In this case, it is clear that petitioner did not fairly present his prosecutorial intimidation claims to the Wisconsin Court of Appeals. His appeal instead focused on alleged deficiencies with his plea, such as whether the court's acceptance of the plea was appropriate given his denial of an element of one of the charges, the judge's questioning

2

of his father, and the judge's consideration of "extrajudicial information." *See* Resp. Ex. B (ECF No. 16-4). Although petitioner attempted to raise his prosecutorial intimidation claim with the court of appeals in his motion for reconsideration, the court determined that the motion was untimely and denied it as such. Resp't's Br. in Opp'n Ex. A (ECF No. 18-1). Thus, petitioner did not give the court of appeals a fair opportunity to review his prosecutorial intimidation claim and has failed to exhaust his state court remedies. Further, because petitioner failed to raise this issue at every level of the state judiciary and it is too late to do so now, he has procedurally defaulted his claim. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his claim at each level of state court review has procedurally defaulted that claim."); *see also State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181 (1994) (concluding that collateral post-conviction review of a claim is barred unless a defendant raises the claim at all levels on direct appeal).

I may not consider procedurally defaulted claims unless petitioner shows either (1) cause for, and prejudice from, the default, or (2) that failure to consider the claim would result in a fundamental miscarriage of justice. *Bolton*, 730 F.3d at 696. Petitioner attempts to show both.

The cause and prejudice exception to procedural default requires petitioner to show some type of external impediment that prevented him from presenting his federal claim to the state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). To show prejudice, petitioner must present evidence that the alleged impediments "worked to his actual and substantial disadvantage." *Id.* at 494–95. Petitioner argues that he was unable to timely present his

3

prosecutorial intimidation claim to the court of appeals because of two issues he had in obtaining an affidavit to support his claim that the prosecutor intimidated him. First, he argues that the prison library threw away all of his legal documents, including his original supporting affidavit from a person petitioner does not identify. Second, he argues that after the prison library threw away his original affidavit, he had trouble obtaining a second affidavit from his parents, who also witnessed the prosecutorial intimidation, because of his mother's ongoing health problems. He argues that without an affidavit from a witness to support his prosecutorial intimidation claim, he was unable to raise this issue with the court of appeals.

I reject petitioner's argument. Petitioner offers no justifiable reason as to why he could not obtain an affidavit from a witness to support his prosecutorial intimidation claim in the two years between 2011, when the intimidation allegedly occurred, and 2013, when he appealed the trial court's decision to the court of appeals. Assuming the prison library threw away his original affidavit and his mother's health prohibited her from providing an affidavit until after the court of appeals had issued a decision, petitioner offers no explanation as to why it took so long to obtain an affidavit from his father, who also witnessed the alleged intimidation, was not suffering health problems, and eventually also signed the second affidavit. Additionally, petitioner does not explain why he did not or could not raise the issue in his appellate brief without a supporting affidavit. Petitioner did not include a supporting affidavit in his post-conviction motion to the trial court, and it is unclear what prevented him from similarly appealing the trial court's decision on the issue without an affidavit. Finally, even assuming the prison library's confiscation of his original affidavit combined with the delay in obtaining a second affidavit from his parents because of his

4

mother's health concerns constitutes cause for the procedurally default, petitioner cannot show that these delays in the procurement of an affidavit prejudiced his appeal. Even if he had filed an affidavit with the court of appeals, it would not have considered it because the affidavit was not presented to the trial court. *See State v. Lass*, 194 Wis. 2d 591, 604–05 (Ct. App. 1995) (stating that the court of appeals may only consider documents contained in the trial court record). Thus, I conclude that petitioner has failed to show cause and prejudice for the procedural default.

To have a default excused because of a fundamental miscarriage of justice, a petitioner must demonstrate actual innocence. *See Schlup v. Delo,* 513 U.S. 298 (1995); *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). To demonstrate actual innocence, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup,* 513 U.S. at 327. Petitioner argues several reasons why the miscarriage of justice exception should apply, but he does not argue actual innocence or attempt to show new evidence to support such a claim. *See* Pet'r's Reply at 5–6 (ECF No. 19) (stating petitioner's belief that "a claim of innocence is irrelevant"). Because he has failed to show actual innocence, the fundamental miscarriage of justice exception does not apply.

Thus, I conclude that petitioner has procedurally defaulted his prosecutorial intimidation claims because he failed to timely raise it with the court of appeals, thus not giving the court of appeals a fair opportunity to consider the claim. Further, petitioner has not shown that the cause and prejudice or fundamental miscarriage of justice exceptions warrant consideration of his claims on the merits. Therefore, I may not consider the merits of petitioner's prosecutorial intimidation claims, and I will deny his petition.

Petitioner has also filed several motions. I will deny petitioner's motion to deny respondent's request for an enlargement of time as moot because I received his motion after I had granted respondent additional time to file an answer. I will also deny petitioner's motion for an extension of time to file a reply as moot because I had already received petitioner's reply when petitioner filed the request for additional time. Because I have concluded that I may not consider the merits of petitioner's claims, I will deny his motion the enlarge the record, motion for an evidentiary hearing, motion to open records, and motion for scheduling.

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's motion to deny respondent's enlargement of time ECF No. 14) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that petitioner's motion to enlarge the record and motion for evidentiary hearing (ECF No. 15) are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to open records (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time (ECF No. 20) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that petitioner's motion for scheduling (ECF No. 22) is **DENIED**.

6

Dated at Milwaukee, Wisconsin, this 29th day of September, 2015.

          s/ Lynn Adelman
          _____
          LYNN ADELMAN
          District Judge